**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

HUGUETTE NICOLE YOUNG,

                Plaintiff,

       v.

GURBIR GREWAL,

                Defendant.

Civil Action No. 20-13863 (MAS) (DEA)

**MEMORANDUM ORDER**

    This matter comes before the Court upon pro se Plaintiff Huguette Nicole Young's ("Plaintiff") application to proceed *in forma pauperis* and without prepayment of fees pursuant to 28 U.S.C. § 1915 ("IFP Application"). (IFP Appl., ECF No. 1-2.) Plaintiff, however, has failed to complete the long-form IFP application required by the District Court to demonstrate her indigent status and, instead, claims that the personal information requested in the application is not applicable. (*Id.* at *1–5.)[1] Furthermore, Plaintiff submits her own application in which she challenges § 1915, asserting that "[t]reating all filings the same with a blanket $400 filing fee violates [her] First Amendment rights[.]" (*Id.* at *7; *see also id.* at *7–8 (further arguing that filing fees for good faith constitutional challenges "should be at least half the fee of more trivial lawsuits among citizens over money").) Plaintiff also asserts that "[r]equiring a detailed financial statement from a non-prisoner pro se filer . . . violates privacy rights[.]" (*Id.* at *10–12.)

    In her application, Plaintiff states she is unemployed, receives food stamps, and has had no income since August 11, 2020. (*Id.* at *7, *9–10.) She fails, however, to provide the Court with

---

[1] Page numbers preceded by an asterisk refer to the page number of the ECF header.

the information necessary to permit the action to proceed under § 1915. *See* 28 U.S.C. § 1915(a)(1) (an individual seeking IFP status must "submit[] an affidavit that includes a statement *of all assets* such [person] possesses that the person is unable to pay such fees or give security therefor" (emphasis added)); *Hurst v. Shalk*, 659 F. App'x 133, 134 (3d Cir. 2016) ("A person need not be absolutely destitute to proceed *in forma pauperis*. However, a litigant must establish that [s]he is unable to pay the costs of [her] suit." (internal quotation marks and citations omitted)). The Court, therefore, finds good cause to deny Plaintiff's IFP Application. Accordingly,

IT IS on this 19th day of March 2021, **ORDERED** that:

1. Plaintiff's IFP Application (ECF No. 1-2) is **DENIED**.

2. The Clerk shall close this matter.

3. By **April 19, 2021**, Plaintiff may submit a new IFP application in the form attached to this Order. Alternatively, by **April 19, 2021**, Plaintiff may submit the $400 filing fee and the Clerk will reopen the case.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE